23969

NCR CORPORATION, Appellant v. SOUTH CAROLINA TAX COMMISSION, Respondent.

(439 S.E. (2d) 254)

Supreme Court

*John C. von Lehe, Jr.* and *Stephen P. Groves*, of *Young, Clement, Rivers & Tisdale*, Charleston and *William L. Goldman*, of *Lee, Toomey & Kent*, Washington, DC, *for appellant.*

*Chief Deputy Atty. Gen. Ray N. Stevens* and *Asst. Atty. Gen. Sarah G. Major*, Columbia, *for respondent.*

Heard Nov. 17, 1993

Decided Dec. 18, 1993.

MOORE, Justice:

Appellant (NCR) commenced this action to recover $499,007 in corporate income tax and license fees paid under protest for the years 1981-83. At issue is the apportionment formula used to determine how much of NCR's unitary business income is taxable in South Carolina. We affirm.

## FACTS

NCR is a worldwide corporation with several foreign subsidiaries. Respondent (Tax Commission) determined NCR's total income to include royalties and interest income NCR re-

ceived from its foreign subsidiaries. NCR objected to the inclusion of this income because Tax Commission did not factor into the apportionment formula the contribution of the foreign subsidiaries in generating that income. The trial court affirmed Tax Commission's ruling.

In *NCR Corporation v. South Carolina Tax Comm'n.*, 304 S.C. 1, 402 S.E. (2d) 666 (1991) (*NCR I*), we remanded this case to the trial court with specific instructions to: (1) recompute NCR's taxable income by factoring into the apportionment formula the proportionate contribution by foreign subsidiaries in generating NCR's income; (2) determine NCR's tax liability accordingly; (3) compare this new calculation to the tax liability actually imposed. If there was a "gross disparity" between these two amounts, NCR would be entitled to a refund. The basis of this holding was that NCR's due process rights would be violated if the apportionment formula as applied resulted in a tax liability that was grossly disproportionate to the income generated in South Carolina.

On remand, the trial court recomputed NCR's tax liability, determined there was no gross disparity, and concluded NCR was not entitled to a refund. NCR again appeals.

### ISSUES
1. Whether the trial court properly recomputed NCR's taxable income?
2. Whether the tax imposed is grossly disproportionate to the income attributed to South Carolina?

### DISCUSSION
#### A.
Under S.C.Code Ann. §§ 12-7-1120 through -1170 (1976 and Supp. 1992), the applicable apportionment formula uses three factors: property, payroll, and sales. Each factor is reduced to a fraction by using as the numerator the amount of that factor attributable to South Carolina and using as the denominator NCR's total amount of that factor. The three factors are then averaged ad the resulting fraction, expressed in a percentage, is multiplied by NCR's total business income to determine the amount of income apportioned to South Carolina for taxation. *See NCR I*, 304 S.C. at 4, 402 S.E. (2d) at 668.

In *NCR I*, we determined that the denominator of this fraction did not have to include the *total* sales, property, and payroll of NCR's foreign subsidiaries because subsidiaries and their corporate parents are separate entities. 304 S.C. at 6, 402 S.E. (2d) at 669. On remand, however, the trial court was directed to determine the *proportion* of sales, property, and payroll of foreign subsidiaries used to generate the royalties and interest paid to NCR.

The trial judge used a pro rata method to calculate the proportion of sales, property, and payroll of foreign subsidiaries to be included in the denominator of the apportionment formula. He took the amount of royalties and income interest paid by a foreign subsidiary to NCR, divided it by that subsidiary's total income, and multiplied the resulting fraction by the total sales, property, and payroll of the subsidiary. This proportion of each subsidiary's sales, property, and payroll was then added to the denominator of the apportionment formula and NCR's taxable income was determined accordingly.

NCR does not contest the basic method of calculation but challenges two steps in the computation. First, it contends a subsidiary's total income should exclude foreign taxes paid. Second, it contends the calculation should not be done separately for each subsidiary but rather the proportion of sales, property, and payroll should be calculated by adding the totals from all the subsidiaries together.

1. *Should a subsidiary's total income exclude foreign taxes paid?*

NCR contends that in computing the proportion of sales, property, and payroll of foreign subsidiaries to be included in the denominator of the apportionment formula, the subsidiary's net income should be reduced by the amount of foreign income tax paid. We disagree.

As Tax Commission correctly points out, S.C. Code Ann. § 12-7-700(4) (1976) does not allow a deduction to net income for income taxes paid when computing taxable income.[1] Since a foreign subsidiary's net income is determined with the ultimate goal of inserting it into the apportionment formula in

[1] This section was repealed for tax years after December 31, 1984. Thereafter, S.C.Code Ann. § 12-7-430(d)(1) (Supp. 1992) applies with the same result.

order to compute NCR's taxable income, no deduction should be allowed for foreign income taxes paid by a subsidiary.

2. *Should the proportionate contribution of sales, property, and payroll of foreign subsidiaries be computed on a combined basis or individually?*

NCR contends the royalties and interest income paid by all of its forty-four foreign subsidiaries should be combined and then divided by the combined income of all the subsidiaries to determine the proportionate contribution of sales, property, and payroll by foreign subsidiaries. Using this method of calculation, the gains of various subsidiaries would be offset by the losses of others. Tax Commission, on the other hand, contends the trial court correctly made the calculation separately for each subsidiary and added each separate amount to the denominator of the apportionment formula.

We find Tax Commission's method of calculation is the better approach since it is consistent with general tax principles. Subsidiaries are treated as separate entities for tax purposes. *NCR I.* Combining NCR's forty-four subsidiaries would in effect be treating them as if they exist only in relation to NCR. The trial judge correctly made the calculation for each subsidiary separately.

In conclusion, the trial judge properly calculated the proportion of sales, property, and payroll of foreign subsidiaries to be added to the denominator of the apportionment formula. Pursuant to our directive in *NCR I,* the question then becomes whether there is a gross disparity of constitutional proportion between the resulting tax liability calculated under the new formula and the tax liability actually imposed.

B.

In *NCR I,* NCR challenged the apportionment formula on the ground it violates due process because it results in an unfair apportionment of income to South Carolina.[2] This Court held NCR had the burden to show application of the apportionment formula has led to "grossly distorted result." *NCR I,*

---

[2] In the framework of a due-process analysis, this argument is considered a challenge to the "external consistency" of the apportionment formula. *See Container Corp., infra,* 463 U.S. at 169, 103 S.Ct. at 2942.

304 S.C. at 11, 402 S.E. (2d) at 672. In so holding, this Court relied on *Container Corp. v. Franchise Tax Bd.*, 463 U.S. 159, 103 S.Ct. 2933, 77 L.Ed (2d) 545 (1983), which upheld California's three-factor apportionment formula against a due-process challenge.

The fact that application of an apportionment formula results in an imperfect measure of apportioned unitary income does not prove a violation of due process. *Amerada Hess Corp. v. Director, Division of Taxation*, 490 U.S. 66, 109 S.Ct. 1617, 1622, 104 L.Ed (2d) 58 (1989). In *Container Corp.*, the United States Supreme Court found application of California's three-factor formula withstood a due-process challenge because the margin of error was "within the substantial margin of error inherent in any method of attributing income among the components of a unitary business." 463 U.S. at 184, 103 S.Ct. at 2950. The Court noted application of the three-factor formula resulted in only a 14% increase in taxable income when compared to the accounting method espoused by the taxpayer and concluded the taxpayer had failed to meet its burden of showing a due-process violation.

This Court followed the *Container Corp.* analysis as applied by the Maryland Court of Appeals in *NCR Corp. v. Comptroller of the Treasury*, 313 Md. 118, 544 A. (2d) 764 (1988), and remanded this case for a determination of the amount of the disparity between the tax assessment calculated under the apportionment formula and the tax assessment calculated with the proportion of sales, property, and payroll of foreign subsidiaries factored into the denominator of the formula. The trial judge found an average difference of 27.9% for the three tax years in question. He concluded this margin of error indicated no gross disparity in NCR's apportioned income calculated under the apportionment formula and held there was no due-process violation.

As already noted, the United States Supreme Court found the 14% margin of error in *Container Corp.* acceptable and specifically compared it to the 250% difference it found unacceptable in a due-process challenge to a single-factor formula in *Hans Rees' Sons, Inc. v. North Carolina*, 283 U.S. 123, 51 S.Ct. 385, 75 L.Ed 879 (1931). Other state courts have upheld similar or larger margins of error. *See Citizen's Utilities Co. v. Dept. of Revenue*, 94 Ill. Dec 737, 111 Ill. (2d) 32, 488 N.E. (2d)

984 (1986) (213%); *NCR Corp. v. Commissioner of Revenue,* 438 N.W. (2d) 86 (Minn. 1989) (23%). We find no gross disparity in this case and hold the apportionment formula as applied by Tax Commission results in no due-process violation.

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.